IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHIMA AGIM, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:09-CV-0228 |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION TO DENY PETITION
## FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On September 9, 2009, petitioner filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of a January 20, 2009 prison disciplinary proceeding. In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner acknowledges he did not lose any previously accrued good time credits.

Petitioner did not respond to the application's question as to whether he is eligible for mandatory supervised release, nor did petitioner identify his holding conviction. However, petitioner's Offender Information Detail from the official website maintained by the Texas Department of Criminal Justice, Correctional Institutions Division, lists as petitioner's offense history petitioner's February 5, 1999 conviction for the offense of aggravated sexual assault out of Dallas County, Texas. *See State v. Agim*, No.

F-9847692-SI. Petitioner has additionally challenged this conviction in other federal habeas corpus cases. *See Agim v. Thaler*, No. 3:09-CV-1727 (United States Magistrate Judge has determined the habeas corpus application is successive); *Agim v. Dretke*, No. 3:02-CV-338 (petitioner's habeas corpus application was denied, and the Fifth Circuit denied issuance of a Certificate of Appealability). As of the date petitioner committed his offense, on December 31, 1997, a prisoner serving a sentence for aggravated sexual assault could not be released to mandatory supervision. TEX. GOV'T CODE ANN. § 508.149 (Vernon 2004).

As petitioner did not lose previously accrued good time credits as a result of the prison disciplinary proceeding, and as petitioner is not eligible for mandatory supervised release, he is unable to challenge his state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus. Petitioner is not entitled to federal habeas corpus relief and his petition should be DENIED.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CHIMA AGIM be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of September 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).